# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEVILLE PARKS,  )
            Plaintiff, ) CV-N-05-0313-HDM (VPC)
             )
            vs. ) **REPORT AND RECOMMENDATION**
             ) **OF U.S. MAGISTRATE JUDGE**
JACKIE CRAWFORD, )
            Defendant. ) November 18, 2005

This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion for summary judgment (#10). Plaintiff opposed (#17, 19), and defendant replied (#21).

The court has thoroughly reviewed the record and the motions and recommends that defendant's request for summary judgment (#10) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Seville Parks ("plaintiff") is a prisoner at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#2, ex. A). Plaintiff brought his complaint in state court, alleging that prison officials violated his First, Sixth, Eighth and Fourteenth Amendment rights. *Id*. Plaintiff claimed that defendant Jackie Crawford, NDOC director, failed to train staff at ESP and overlooked plaintiff's allegations of misconduct by ESP staff in violation of plaintiff's civil rights.[1] *Id*. Defendant removed to federal court pursuant to 28 U.S.C. §

---

[1] Plaintiff named twenty-one defendants in the state court proceedings, including prison officials, prison guards and medical staff (#2, ex. A). On May 24, 2005, the state district court granted defendants' motion to dismiss all defendants except Jackie Crawford for failure to serve the summons and complaint within the time limit of Nev. R. Civ. P. 4(i) (#21, ex. B).

1441(a)-(c) because this civil rights claim is an action arising under U.S. law over which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (#2).

Defendant moves for summary judgment on the bases that (1) she is immune from suit for damages in her official capacity, and (2) plaintiff has not alleged defendant's personal acts or omissions violated his civil rights, thus defendant cannot be liable in her individual capacity (#10).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Motion for summary judgment

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). In deciding whether to grant summary judgment, the court must view the evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Only evidence which might be admissible at trial may be considered by the court in ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); *Beyene v. Coleman Security Services,*

*Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988). Evidence without a proper foundation cannot support a motion for summary judgment. *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987).

Material facts are facts that might affect the outcome of the case; the court determines materiality by reference to the substantive law that controls the case. *Anderson*, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts should not be considered. *Id*. If, given the evidence submitted, a reasonable jury could hold for the nonmoving party, the dispute over material fact is "genuine." *Id*. Where there is a complete failure of proof on an essential element of the case for the nonmoving party, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**2. Persons Amenable to suit under § 1983**

State officials sued in their official capacity for damages are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Will v. Michigan Dep't. Of State Police*, 491 U.S. 58, 71 (1989). State officials sued in their official capacity for injunctive relief, however, are persons for purposes of § 1983. *See Will*, 491 U.S. at 71, n.10.

State officials sued in their personal capacity for monetary damages are persons for purposes of § 1983. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). Liability in a personal capacity suit can be demonstrated by showing that the official caused the alleged constitutional injury. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The official in a personal-capacity suit may, depending on the facts, be able to establish immunity from claims for damages. *See id*. at 166-67.

**3. Requirement of personal participation and respondeat superior**

"Liability under section 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for constitutional violations of [her] subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted); *see also Mabe v. San Bernardino County*, 237 F.3d 1101, 1109 (9th Cir. 2001).

Because there is no respondeat superior liability under § 1983, liability of a supervisor requires an affirmative act, or failure to act where there is an affirmative duty. *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). For example, in *Harris* the court held that FBI supervisors were liable for the shooting of a defendant where the supervisors were alleged to have developed a plan that resulted in the shooting. *Id*. However, the court was careful to note that this was not liability under a theory of respondeat superior. *Id*. Rather, the supervisors were directly liable because of their affirmative acts. *Id*. "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" *Id*. at 1447, *quoting Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). The court noted that this is not a form of vicarious liability, but is direct liability. *Id*.

**B. Analysis**

**1. Persons amenable to suit**

Defendant points out that she cannot be sued in her official capacity for monetary damages. The sole form of relief plaintiff requests is damages, both compensatory and punitive (#2, ex. A). Because the defendant is not amenable to suit in her official capacity, or in the alternative, as discussed below, because plaintiff has not alleged facts that would give rise to defendant's liability in an individual capacity, defendant's motion for summary judgment (#10) is granted.

**2. Personal participation and respondeat superior liability**

Construing plaintiff's pleading liberally, the only allegation against defendant is that, as NDOC Director, she is responsible for the alleged poor training of NDOC staff, allegedly resulting in violations of plaintiff's constitutional rights (#10). Defendant provides an affidavit stating that she did not participate in or know about any alleged civil rights violations by NDOC staff (*Id*., ex. A). Defendant asserts that, because § 1983 does not contemplate respondeat superior liability, and plaintiff has not alleged that defendant was personally involved in any

4

alleged violations, defendant cannot be sued in her individual capacity. *Id*. Defendant also argues that plaintiff brings this suit merely to vex and harass, noting that he previously has been adjudicated a vexatious litigant and is no longer permitted to file lawsuits in federal court on an in forma pauperis basis. *Id*. Defendant points to plaintiff's rambling, often irrelevant filings in this case.[2] *Id*.

Since there is no respondeat superior liability under § 1983, a supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Taylor*, 880 F.2d at 1045. "Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). However, plaintiff makes only the general allegation that defendant failed to train ESP staff and that she overlooked plaintiff's allegations of staff misconduct (#2, ex. A). Plaintiff provides no specific allegations that defendant participated in or had knowledge of alleged staff misconduct; therefore, plaintiff has failed to allege an essential element of his case. *Celotex*, 477 U.S. at 323. Thus, the court recommends that defendant's motion for summary judgment (#10) be granted.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has failed to show that defendant participated in or had personal knowledge of alleged civil rights violations by prison staff. Further, defendant is not amenable to suit for damages in her official capacity. As such, the court recommends that defendant's motion for summary judgment (#12) be granted.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days

---

[2] In plaintiff's opposition to defendant's motion for summary judgment, he mainly complains about the state court judge and the deputy attorney general defending this case (#19). This court issued a minute order (#29) addressing several motions and striking five motions brought by plaintiff (#5, 21, 22, 23, 27), as redundant, immaterial, impertinent, or otherwise improper. The court also ordered that no further briefing by plaintiff concerning defendant's summary judgment motion would be accepted (#29).

5

of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

IT IS THEREFORE RECOMMENDED that defendant's motion for summary judgment (#10) be GRANTED.

DATED: November 16, 2005.

_____
**UNITED STATES MAGISTRATE JUDGE**